**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTOKH SINGH DHARIWAL,<br><br>           Plaintiff,<br>     v.<br><br>ALEJANDRO MAYORKAS, Director, United States Citizenship and Immigration Services; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; JANET NAPOLITANO, Secretary of the Department of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY<br><br>           Defendants. | Case No.: CV 11-2593 PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket No. 9)** |

## I. INTRODUCTION

Defendants Alejandro Mayorkas, U.S. Citizenship and Immigration Services ("USCIS"), Janet Napolitano, and U.S. Department of Homeland Security ("DHS") (collectively "Defendants") move to dismiss the complaint of Plaintiff Santokh Singh Dhariwal ("Dhariwal"). On November 15, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Defendants' motion.

## II. BACKGROUND

Dhariwal is an Indian citizen who resides in Santa Clara, California.[1] He applied for asylum in October 2000 and was represented by the law firm of Sekhon & Sekhon.[2] In support of his asylum application, Dhariwal submitted a declaration detailing his arrest and torture by Indian security forces due to their suspicion that he was involved in sheltering Sikh militants associated with the Khalistan movement.[3] On February 13, 2001, Dhariwal was granted asylum by the San Francisco Asylum Office.[4] In April 2002, Dhariwal filed a Form I-485 to become a Legal Permanent Resident of the United States.[5] In June 2004, Dhariwal's wife and two children filed Refugee Asylee Relative Petitions.[6]

Dhariwal's asylum application was prepared and signed by attorney Jagdip Sekhon from the Sekhon & Sekhon law firm.[7] On June 25, 2009, Jagdip Sekhon, Jagprit Sekhon, and Manjit Rai were convicted in the Eastern District of California of making false statements in asylum applications.[8] During the investigation into the law firm, U.S. Immigration and Customs Enforcement seized evidence that Sekhon & Sekhon prepared and submitted over one thousand fraudulent asylum applications.[9] With regards to Indian asylum applications, the investigation revealed that Sekhon & Sekhon submitted "almost identical" narratives describing the applicant

---

[1] *See* Compl. ¶¶ 6, 14 (Docket No. 1).

[2] *See id.* at ¶ 15.  A summary of Dhariwal's account of his encounter with Indian security forces can be found at Docket No. 1 ¶¶ 15-26.

[3] *See id.* at ¶¶ 15-17.

[4] *See id.* at ¶ 6.

[5] *See id.* at ¶ 26.

[6] *See id.*

[7] *See* Mot. To Dismiss at 12 (Docket No. 9).

[8] *See id.*

[9] *See id.* at 13.

Case No.:  CV 11-2593 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

being falsely accused of associating with members of Sikh militant organizations, subsequent police interrogations, and similar methods of torture.[10]

Based on these findings, on July 2, 2010 USCIS issued Dhariwal a Notice of Intent to Terminate Asylum Status ("NOIT").[11] The NOIT listed eighteen similarities between Dhariwal's asylum application and "the narrative from another application prepared by Sekhon & Sekhon that the applicant admitted was not true."[12] In response, Dhariwal pointed to several differences between his asylum application and that of the fraudulent application.[13] Dhariwal also submitted an expert report by Dr. Cynthia Mahmood ("Mahmood"), who opined that Dhariwal's case "is not one that bears any relationship to a fixed or ideal narrative that would be memorized by anybody intent on defrauding the U.S. justice system and gaining asylum." Mahmood also opined that Dhariwal provided information about the son of an officer in the Punjab police and his role as a key figure in the story, information that could and would be verified.[14] Dr. Mahmood further opined that Dhariwal's "interrogation and torture follows patterns known to exist in Punjab police stations in general" and that the similarities between the two applications are "reflective of the actual conditions that held for many individuals in the 1980's and 1990's."[15]

On November 8, 2010, Dhariwal and his new counsel attended the asylum termination interview.[16] At the interview, Dhariwal was asked why his adjustment of status application stated that he had never been arrested inside or outside the United States, even though his main basis for

---

[10] *See id.* at 14.

[11] *See id.* at 14. *See also* Ex. 1 Pp. 1-4.

[12] *Id.* at Ex. 1 Pp. 1-4.

[13] *See* Docket No. 1 at ¶¶ 33-34.

[14] *See id.* at ¶¶ 35-36.

[15] *Id.* at ¶¶ 38-39.

[16] Docket No. 9 at 16.

Case No.: CV 11-2593 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

his asylum claim was his arrest and subsequent torture by Indian security forces.[17] Dhariwal explained that he accidentally forgot to mention his arrest and imprisonment in India on his Form I-485 because he did not carefully review the document.[18] When asked about his asylum claim generally, Dhariwal retold the events underlying his asylum claim, but some descriptions of certain details contradicted his earlier testimony.[19]

On December 9, 2010, USCIS sent Dhariwal a Notice of Termination of Asylum Status ("Termination Notice"), which stated that USCIS concluded by a preponderance of the evidence that Dhariwal committed fraud in his asylum application and, thus, he was not eligible for asylum at the time it was granted.[20] With regards to Mahmood's analysis of the similarities between Dhariwal's declaration and that of the fraudulent application, USCIS noted that although some differences exist between the two applications, "it is not necessary for both cases to be identical in order to establish fraud."[21] USCIS further concluded that, because Dhariwal signed his adjustment of status application under penalty of perjury, it was reasonable to expect that he knew and understood its contents, including whether he had been previously arrested inside or outside the United States.[22] The Termination Notice also included a Form I-862 Notice to Appear, placing Dhariwal in removal proceedings and ordering him to appear before an immigration judge ("IJ").[23]

---

[17] *See id.*

[18] *See id.*

[19] *See id.* These details included who opened the door when the police in India came to arrest Dhariwal and whether the door was locked. *Id.*

[20] *See id.* at 17.

[21] *Id.*

[22] *See id.*

[23] *Id.* The record is unclear regarding Dhariwal's appearance before the IJ. Dhariwal's Complaint states that he was scheduled to appear before the IJ on December 6, 2011. *See* Docket No. 1 at ¶ 44. Defendants' Motion to Dismiss states that Dhariwal was scheduled to appear before the IJ on December 6, 2010. *See* Docket No. 9 at 17.

Case No.: CV 11-2593 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

Dhariwal filed this action on May 31, 2011, arguing that by terminating his asylee states, USCIS violated the Administrative Procedure Act ("APA").[24] In this motion, Defendants request dismissal of Dhariwal's complaint pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, Fed. R. Civ. P. 12(b)(6).[25]

### III. LEGAL STANDARD

A. **Federal Rule of Civil Procedure 12(b)(1)**

"It is a fundamental principle that federal courts are courts of limited jurisdiction."[26] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[27] A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted.[28]

A motion to dismiss for lack of subject matter jurisdiction may be either facial or factual.[29] "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."[30] "In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."[31] In deciding a factual attack on jurisdiction, the court may consider evidence beyond the complaint.[32] "Once the moving party has converted the motion to dismiss into a factual

---

[24] *See* Docket No. 1 at ¶¶ 47-48.

[25] *See* Docket No. 9 at 10.

[26] *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978).

[27] *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

[28] Fed. R. Civ. P. 12(b)(1).

[29] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[30] *Id.*

[31] *Id.*

[32] *Id.*

Case No.: CV 11-2593 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5

motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."[33]

B.  **Federal Rule of Civil Procedure 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[34] While detailed factual allegations are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[35] In other words, a complaint must have sufficient factual allegations to "state a claim for relief that is plausible on its face."[36] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[37] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[38]

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[39] Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into

---

[33] *Id.* (quoting *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n.2 (9th Cir.2003)).

[34] Fed. R. Civ. P. 8(a)(2).

[35] *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[36] *Id.* at 1940 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[37] *Id.* at 1940.

[38] *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).

[39] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

Case No.: CV 11-2593 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

the complaint by reference, and matters of which the court may take judicial notice.[40] The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[41] The court also need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[42]

## IV. DISCUSSION

In their motion, Defendants primarily argue that the complaint should be dismissed because Dhariwal fails to allege a final agency action as required by the APA. "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."[43] "When an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule, the agency action is 'final for the purposes of [the APA]' and therefore 'subject to judicial review.'"[44] The crucial issue before the court, therefore, is whether there had been a final agency action for which Dhariwal had no other adequate remedy at the time he filed this action.

Although the Ninth Circuit has not ruled on this specific issue, in *Cabaccang v. USCIS,* the Court considered the related question of whether a district court may consider a challenge to USCIS's denial of an application to adjust status while removal proceedings are pending against the plaintiff.[45] The Ninth Circuit concluded that USCIS's decision was "not yet a final agency

---

[40] *See id.* at 1061.

[41] *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

[42] *See In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1055 (9th Cir. 2008).

[43] 5 U.S.C. § 704.

[44] *Darby v. Cisneros,* 509 U.S. 137, 146 (1993) (*quoting* 5 U.S.C. § 704).

[45] *Cabaccang v. USCIS*, 627 F.3d 1313, 1314 (9th Cir. 2010).

Case No.:  CV 11-2593 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
7

action,"[46] because the plaintiffs had the right to renew their applications to adjust status before the IJ, would have "the opportunity to fully develop their arguments before the [IJ]," and the IJ would have "unfettered authority to modify or reverse USCIS's denial of [the plaintiffs'] applications, regardless of USCIS's prior determination."[47] The Court further rejected the argument that USCIS's determination was a final agency action because removal proceedings are handled by the Department of Justice, whereas USCIS is part of DHS.[48] The Court stated that it is "immaterial that this further review takes place in a different agency within a different executive department [because] . . . the crucial consideration here is that the IJ may completely wipe away USCIS's prior decision."[49]

*Cabaccang*, while not directly on point, is nevertheless instructive.[50]  Although *Cabaccang* involved a denial of an application to adjust status and this case concerns a termination of asylum, both *Cabaccang* and this case concern the same subsequent removal proceeding.  As a result, as in *Cabaccang,* the pendency of the removal proceeding here means that further administrative relief is available, rendering the termination of asylum an intermediate, and non-final, action.  Just a few weeks ago, after the hearing on the pending motion, in *Qureshi, et al. v. Holder,* the Fifth Circuit

---

[46] *Id.* at 1316.

[47] *Id.* at 1315-1316.

[48] *Id.*

[49] *Id.*

[50] Before the *Cabaccang* decision, other courts in this district held that USCIS's decision to terminate asylum is a final agency decision even when there is a removal proceeding pending before an IJ. *See, e.g., Singh v. Bardini*, Case No. C-09-3382, 2010 WL 308807, at *5 (N.D. Cal. Jan. 19, 2010) (finding a final agency action in an asylum termination decision despite pendency of removal action because "a termination-of-status proceeding and a removal proceeding are in fact separate and independent proceedings, and here the [Plaintiffs] are challenging only the former proceeding and not the latter"); *Sidhu v. Bardini*, Case No. C 08-05350, 2009 WL 1626381, at *4-5 (N.D. Cal. June 10, 2009) (finding that USCIS's decision to terminate Plaintiff's asylum status is a final agency action because Plaintiff does not have a right to appeal USCIS's decision, Plaintiff has burden to prove asylum claim before IJ, and "USCIS's decision had a direct and immediate effect on Plaintiff's day-to-day life").

Case No.:  CV 11-2593 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
8

reached precisely this conclusion. As the Fifth Circuit explained, even if the IJ and the BIA [Board of Immigration Appeals] lack jurisdiction to review asylum termination decisions, they both retain the power to halt removal proceedings altogether either by an alien's successful contest to removability via 8 U.S.C. § 1229a(b)(7) or by a successful new asylum application via 8 U.S.C. § 1158(a)(1).[51]

Defendants' motion to dismiss for lack of a final agency decision is GRANTED.[52]

**B. Leave to Amend**

Fed. R. Civ. P. 15(a)(2) provides that the court should "freely give leave [to amend pleadings] when justice so requires."[53] Courts are to apply Rule 15's policy of favoring amendment to pleadings with "extreme liberality."[54] Here, any amended complaint would appear futile in light of pending removal proceedings and so leave is not warranted. Dhariwal is nevertheless free to refile his complaint once he has received a final agency determination.

### V. CONCLUSION

Defendants' motion to dismiss the complaint is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: December 27, 2011

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

---

[51] *See Qureshi, et al. v. Holder,* No. 11-30047, 2011 WL 5903789, at *3 (Nov. 28, 2011).

[52] As the complaint is dismissed for lack of a final agency action, Defendants' remaining arguments are not analyzed.

[53] Fed. R. Civ. P. 15(a)(2).

[54] *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987).

Case No.: CV 11-2593 PSG
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
9